## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROBIN GARNETT | * | |
| | * | CIVIL ACTION |
| VERSUS | * | |
| | * | NO. 24-2111 |
| ABC INSURANCE COMPANY, | * | |
| DG LOUISIANA, LLC D/B/A DOLLAR GENERAL | * | SECTION "L" |
| JAKOYIA MILLER | * | |
| | * | |

## <u>ORDER AND REASONS</u>

Before the Court is Plaintiff Robin Garnett's Motion to Remand. R. Doc. 10. DG Louisiana, LLC opposes the motion. R. Doc. 12. After considering the briefing and applicable law, the Court now rules as follows.

### I.       BACKGROUND

Plaintiff alleges that on or about June 13, 2023, she was shopping at a Dollar General Store in Paulina, Louisiana when she tripped on a "hazardous and dangerous condition" located on the property. R. Doc. 1-2 at 1. Plaintiff later filed a personal injury action in state court against DG Louisiana, LLC ("Dollar General") and Jakoyia Miller ("Miller"), who she alleges was the manager of the store at the time of her injury. *Id.* In her Petition, Plaintiff alleges that her injuries were caused, at least in part, by Miller's negligence because she was "the individual on duty who was responsible for the facility, for the following actions and/or inactions, as well as the presence of the following non-exhaustive list of defects within said premises at the time of the accident." *Id.* at 3. This "non-exhaustive list" includes the following alleged defects: failure to maintain the property; failure to inspect the property; failure to implement policies and procedures for maintaining and inspecting the property; having personal knowledge of the hazardous/dangerous condition and not remedying it; and failing to take remedial measures to remedy the

1

hazardous/dangerous condition. *Id.* On August, 27, 2023, Dollar General removed the case to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. R. Doc. 1.  Dollar General asserts that the amount in controversy requirement is satisfied because communications with Plaintiff's counsel confirmed her alleged damages exceed $75,000. *Id.* With respect to diversity of citizenship, Dollar General asserts that there is complete diversity because Plaintiff is a citizen of Louisiana; Dollar General is a citizen of Tennessee; and the citizenship of Miller (Louisiana) must be ignored because she is an improperly joined Defendant.

## II.    PRESENT MOTION

Plaintiff moves to remand to state court for lack of diversity jurisdiction. R. Doc. 10-1. She argues that Dollar General's assertion of improper joinder in its Notice of Removal is unfounded and that Miller's citizenship must be considered, which would then destroy complete diversity. *Id.* More specifically, Plaintiff contends that she can in fact establish that Miller is personally liable to her under Louisiana law. *Id.* at 4. She explains that her cause of action arises out of Miller's breach of her duties to keep the store's premises safe for customers as well as her actual knowledge of the alleged hazardous and dangerous condition on the property and subsequent failure to remedy it, which are each outlined in her Petition. *Id.* at 6-8. Additionally, Plaintiff notes that Dollar General bears the burden to prove improper joinder and that any doubts or ambiguities regarding remand must be resolved in her favor. *Id.* at 8.

In opposition, Dollar General reasserts its argument that Miller was improperly joined in this lawsuit to destroy diversity. R. Doc. 12. Dollar General argues that Plaintiff's Petition merely sets forth boilerplate allegations that Miller potentially breached her "general administrative responsibilities of her employment." *Id.* at 3. It maintains such allegations are insufficient to state a valid claim against Miller because Plaintiff must show that Miller had a specific, delegated

2

personal duty to her in order to impose liability under Louisiana law. *Id.* at 3-7.  Moreover, Dollar General specifically addresses Plaintiff's allegation that Miller had personal knowledge of the hazardous and dangerous condition that caused the alleged fall, claiming that it is far too conclusory or vague to survive a 12(b)(6)-type inquiry. *Id.* at 7-8. Dollar General thus requests this Court to find it has jurisdiction and deny Plaintiff's request for remand. *Id.* at 8.

## III.    APPLICABLE LAW

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court and be based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed . . ."). "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). Thus, remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). The Fifth Circuit has explained that the removal statute should be strictly construed. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removing party has the burden of proving federal diversity jurisdiction. *Garcia v. Koch Oil Co.*

*Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). Any doubt concerning the basis of jurisdiction should be resolved in favor of remand. *Acuna v. Brown & Root*, 200 F.3d 335, 339 (5th Cir. 2000).

The party seeking removal based on improper joinder of a non-diverse defendant bears a "heavy" burden of proving that the joinder was improper. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). Joinder is improper if the defendant can establish: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* at 647. Dollar General has not alleged actual fraud in Plaintiff's pleading of jurisdictional facts, so the Court will only consider the latter test for improper joinder. In that situation, the test for improper joinder is whether there is a reasonable basis that state law would allow for recovery against the non-diverse defendant, not a mere theoretical possibility that the claim could be successful. *Id.* at 648. To determine if a plaintiff's complaint adequately states a reasonable basis for recovery, courts generally apply a Rule 12(b)(6) type analysis. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). In most cases, "if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.*

If a court determines that the non-diverse party has been improperly joined under a Rule 12(b)(6)-type analysis, that party must be dismissed without prejudice. *Id.* at 209. This dismissal is based on lack of subject matter jurisdiction and does not operate as an adjudication on the merits. *Id.* at 210. When applying the Rule 12(b)(6)-type test for improper joinder inquiries, a federal court reads the original state court pleading through the lens of the federal pleading standards and must determine whether the plaintiff has plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 203; *Int'l Energy Ventures*, 818 F.3d at 200 (5th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the Court to "draw

4

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009). But the court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

## IV.    ANALYSIS

Dollar General argues that Miller has been improperly joined in this case because Plaintiff has no possible cause of action against her under Louisiana law. An employee may not be personally liable "simply because of his general administrative responsibility for performance of some function of the employment." *Canter v. Koehring Co.*, 283 So.2d 716, 721 (La. 1973). However, both Louisiana courts and the Fifth Circuit have found an individual employee liable to a third party for damages under the four-prong test articulated in *Canter* when: (1) the employer owes a duty of care to the plaintiff; (2) the employer delegates the duty to the employee; (3) the employee has breached the duty of care through personal fault; and (4) the employee has a personal duty towards the plaintiff, and the breach of that duty caused the plaintiff's damages. *Id.* at 721; *see also Anderson v. Ga. Gulf Lake Charles, LLC*, 342 F. App'x. 911, 916 (5th Cir. 2009) ("*Canter*'s four-part test is used to determine whether an employee is individually liable to third persons. . . .") (quoting In re *1994 Exxon Chem. Fire*, 558 F.3d 378, 386 (5th Cir. 2009)). Thus, the central inquiry in the Court's analysis is whether Plaintiff has stated a legitimate claim against Miller in light of *Canter* and its progeny.

Here, it appears that Dollar General has taken issue with the fourth element of the jurisprudential test outlined *Canter*, arguing that Miller did not have a personal duty to Plaintiff. Instead, it contends that Miller's duties and her alleged negligence in carrying out those duties are

more like that of a "general administrator." While the Court agrees that Plaintiff's generic assertions such as Miller's "failure to maintain the property" and "failure to inspect the property" seem to fall short of a personal duty, Dollar General's argument ultimately fails due to one crucial allegation made in the Petition. Plaintiff has specifically alleged that Miller had actual, personal knowledge of the "hazardous and dangerous condition" at the store, and she failed to remedy it. Other sections of this Court have held that similar allegations to the one made here regarding an employee's personal knowledge of an alleged defect were sufficient to state a claim against an employee-supervisor. *See, e.g., Creppel v. Apache Corp.*, 2004 WL 1920932 at *3-4 (E.D. La. Aug. 25, 2004) ("Thus, even if [defendant's] responsibility . . . were delegated to others, and he acted as a general administrator, he could still be liable for plaintiffs' injuries if he had personal knowledge of the danger and failed to cure the risk of harm."); *Hayden v. Phillips Petroleum Co.*,788 F. Supp. 285, 287 (E.D. La. 1992) (finding that an employee's alleged personal knowledge of a dangerous pipeline could give rise to personal duty under *Canter*); *Amaya v. Holiday Inn New Orleans*, 2011 WL 4344591 at *2 (E.D. La. Sept. 15, 2011) ("An employee who has personal knowledge of a danger and fails to cure the risk of harm may be liable for a plaintiff's injuries under *Canter*."). Even the Fifth Circuit has reached the same conclusion when addressing this issue. *Ford v. Elsbury*, 32 F.3d 931, 35-37 (5th Cir. 1994) (noting that a supervisor's knowledge of a risk of harm and failure to respond to the risk could create personal liability under *Canter*). Although some courts have dismissed store managers under somewhat similar facts, any ambiguity in the controlling state law must be resolved in favor of Plaintiff. *See Travis*, 326 F.3d at 649.

Accordingly, the Court finds that Plaintiff has stated a viable claim against Miller, and that she is a proper party to this lawsuit. As such, this Court does not have jurisdiction because both

Plaintiff and Miller are citizens of Louisiana, which destroys complete diversity. The Court thus remands this case back to state court for further proceedings.

**V.     CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff Robin Garnett's Motion to Remand, R. Doc. 10-1, is **GRANTED.** This case is remanded back to the 23rd Judicial District Court for the Parish of St. James for further proceedings.

**IT IS FURTHER ORDERED** that Defendants Dollar General and Miller's Motion to Dismiss, R. Doc. 7, is **DENIED** as **MOOT**.

New Orleans, Louisiana, this 3rd day of December, 2024.

UNITED STATES DISTRICT JUDGE